**ZELLEM v. HERRING.**
**Civ. A. No. 7971.**

United States District Court
W. D. Pennsylvania.

Jan. 11, 1952.

See, also, 97 F.Supp. 103.

Robert Ivory, Evans, Ivory & Evans, Joseph D. Ripp, Pittsburgh, Pa., for plaintiff.

Leland W. Walker, Somerset, Pa., Frederick N. Egler, George Y. Meyer, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

On August 9, 1947, plaintiff sustained serious injuries as a result of an accident involving a motorcycle on which plaintiff was a passenger and a tow truck owned by the defendant and operated by his agent in the furtherance of the defendant's business. After a trial lasting four days, a jury, on October 26, 1951, returned a verdict for the plaintiff in the amount of $5,000. On November 5, 1951, the plaintiff moved for a new trial limited to the issue of damages only, for the reasons that:

(1) The verdict was inadequate.

(2) Insofar as its inadequacy was concerned, the verdict was contrary to the law, the evidence and the weight of the evidence.

It is clear that, under Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C., the Court has the power to grant a motion for a new trial for inadequacy of the damages awarded. Spero-Nelson v. Brown, 6 Cir., 1949, 175 F.2d 86; Caldwell v. Southern Pac. Co., D.C.S.D.Cal.1947, 71 F.Supp. 955; Chesevski v. Strawbridge & Clothier, D.C.N.J.1938, 25 F.Supp. 325. However, this rule does not mean that the Court should substitute its judgment for that of the jury. Caldwell v. Southern Pac. Co., supra. A motion of this nature is addressed to the sound discretion of the Court, and is reviewable only for an abuse of that discretion. Frasca v. Howell, D.C. Cir.1950, 182 F.2d 703; Spero-Nelson v. Brown, supra. The function of the Court in the exercise of such discretion has been concisely stated by Judge Yankwich in Caldwell v. Southern Pac. Co., supra, at page 962 of 71 F.Supp., as follows: "* * * when, *under the law*, the plaintiff is entitled, *as of right* or according to an established formula, to a minimum of special damages, or the verdict of the jury as to general damages, considering the elements involved, is so inadequate as *to shock the conscience of the court,* the court should intervene." If the rule were otherwise, it would tend to subvert the function of the jury in that in a case in which the Court's opinion as to the amount of damages did not coincide with the jury's opinion as represented in the verdict, the verdict would be set aside and a new trial granted.

As further pointed out by Judge Yankwich in Caldwell v. Southern Pac. Co., supra, at page 963 of 71 F.Supp.: "If counsel desire to have the judgment of the court upon these matters, they can secure it easily by not demanding a jury trial. Rule 38(d), F.R.C.P. Then they receive the judgment of the court, not only on the question of liability, but also on the question of damages, *unaided by the jury.* But when they demand a jury, *they must take the chance of accepting the jury's judgment as to both questions,* unless, of course, the verdict is so vulnerable legally that the Court is compelled to set it aside. And this is especially true when the verdict is arrived at on instructions as to both liability and damages *not objected to by either party.*" The Court's purpose in quoting the above excerpt is not to indicate that had we tried this case without a jury and found liability, the recovery would have been for a greater or lesser amount; rather, the purpose is to indicate some factors inherent in the jury system of trials which must be kept in mind in considering a motion for a new trial on the grounds of inadequacy.

Counsel for plaintiff do not object to the Court's instructions, but argue that the verdict is grossly inadequate and is contrary to the uncontradicted evidence. It is contended by the plaintiff that since liability of the defendant was found by the jury, he was entitled under the law to recover:

(a) His medical, hospital and nursing expenses, amounting to $1,563.10.

(b) His loss of earnings at the rate of approximately $200 per month from the date of the accident until such time as he was able to obtain gainful employment, which period was approximately forty months, said loss amounting to $8,000.

(c) A "fair, adequate and reasonable amount" for past and future pain and suffering.

(d) The present worth of his probable future loss of earnings.

There seems to be little doubt that the plaintiff was entitled to recover his actual pecuniary loss resulting from the accident,

being the actual expenses represented by item (a) above. Since the verdict was in the amount of $5,000 and since the amount of the pecuniary loss was approximately $1,500, there remains a little less than $3,500 to cover items (b), (c) and (d).

Plaintiff's main objection relates to compensation for loss of earnings, being item (b) above. The testimony of plaintiff in this regard was to the effect that he *did not* work for a period of approximately forty months after the accident with the exception of a temporary painting job lasting for a period of eight days. He stated that he had to discontinue working at the painting job because he was unable to stand on a ladder. Defendant made no effort to contradict this testimony or the evidence introduced on behalf of plaintiff relating to the average earnings of plaintiff prior to the accident. However, it does not follow that the jury must award an amount equal to $200 a month, plaintiff's average earnings prior to the accident, for a period of forty months. It is entirely possible that the jury believed the plaintiff could have been working during a considerable portion of the 40-month period following the accident. Such a conclusion was permissible from plaintiff's own evidence. Plaintiff testified that after ten months he was able to get around without the use of a cane; and *did not* testify that he was unable to work or to find work during the greater portion of the 40-month period. He attended a trade school for automobile body and fender repair work for the last seven months of the 40-month period, and, certainly, for this period the jury need not have included any amount in the verdict.

 Damages for pain and suffering (item (c)) are peculiarly within the discretion of the jury. Pacific Greyhound Lines v. Rumeh, 9 Cir., 1949, 178 F.2d 652. The jury was adequately instructed as to the element of pain and suffering, and the plaintiff finds no fault with the Court's charge in this regard. There is no reason to conclude that the jury failed to consider this element and include in their verdict some amount therefor. As was stated by Judge Goodrich in Scott v. Baltimore & O. R. Co., 3 Cir., 1945, 151 F.2d 61, at page 64:

"Insofar as the award of damages * * * consists of compensation for pain and suffering it is, obviously, nothing that an appellate court can, or a trial court for that matter, measure by a yardstick as to whether the jury has given too much or too little."

From the evidence in this case, it is entirely possible that the jury found that the plaintiff sustained no loss of earning power; and, consequently, did not award any compensation for probable future loss of earnings, item (d) above. This was a permissible conclusion in view of the fact that it appeared, from the plaintiff's evidence, that his present salary is equal to his average earnings prior to the accident.

Taking into consideration all of the above factors, we do not feel that this is a case where the jury abused their function and awarded a grossly inadequate verdict. Moreover, for the reasons previously stated, we are not shocked by the verdict.

Plaintiff's motion for a new trial will be denied.