**William R. DAVISON, Plaintiff,**

v.

**MONESSEN SOUTHWESTERN RAILWAY COMPANY, a corporation, Defendant.**

**Civ. A. No. 11579.**

United States District Court
W. D. Pennsylvania.

Sept. 27, 1956.

---

Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiff brought suit against the defendant railway to recover damages he suffered as a result of injuries sustained by him while employed on said railroad on January 30, 1953. At the trial proof was limited to a claim un-

der the Safety Appliance Act provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The plaintiff maintained that while attempting to release a hand brake the brake operated inefficiently in that it released suddenly and spun, causing him to be twisted which resulted in injuries to his shoulder and ribs. He underwent an operation of the shoulder at which time part of the bone was taken out. It appears that he lost approximately eight months of work as a result of these injuries.

The defendant offered testimony that this hand brake was efficient and in good operating condition when examined after the accident and urged that the hand brake was not inefficient. This presented an issue of fact for the jury to determine, that is, whether or not the hand brake was efficient.

The jury, when they returned with a verdict, their verdict read as follows:

"A verdict in favor of the plaintiff for no more than his back wages or lost wages due to this accident."

At this time the Court instructed the jury that such a verdict was improper and that they should either return a verdict in favor of the plaintiff for a definite sum of money in accordance with instructions given, or that they should return a verdict for the defendant. The jury went out again and added the following: "Total $2940.00, Twenty-nine hundred forty dollars and no cents." This was precisely the amount which the parties had stipulated were the wages lost by the plaintiff. The jury made no allowance whatsoever in respect to pain and suffering although they were carefully instructed in this matter. The plaintiff did not claim medical expenses or loss of future earnings.

■■ The plaintiff, thereafter, filed a motion for a new trial on the issue of damages only and the defendant opposes this and urges that the jury's verdict is proper. It is obvious that a Court may award a new trial if the verdict is in such amount as to shock the conscience of the Court. Foresman v. Pepin, D.C. E.D.Pa.1946, 71 F.Supp. 772. If the defendant violated the Safety Appliance Act, 45 U.S.C.A. § 1 et seq., then this Court is of the opinion that the amount of the verdict shocks the conscience of the Court as it is grossly inadequate in view of the evidence produced at the trial. However, from the testimony produced at the trial it is not so clear to the Court that the defendant necessarily violated the Safety Appliance Act. This Court does not feel that this is a proper case in which to grant a new trial solely on the issue of damages as might be permitted under Rule 59(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. But, to the contrary, it appears to the Court that in view of the words that the jury wrote on their verdict slip, that their verdict was a result of a compromise between the injuries suffered by the plaintiff and the question of liability on the part of the defendant. Such a compromise verdict cannot be permitted to stand. Vol. VI Moore's Federal Practice § 59.08(4). Such a verdict is neither fair to the plaintiff nor to the defendant.

■■ If the defendant violated the Safety Appliance Act, the plaintiff is entitled to the damages allowed under the law. If the defendant did not violate the Safety Appliance Act, the plaintiff is not entitled to any recovery as the Safety Appliance Act is not a compensation act, but an act that would hold a railroad liable only when it has been found to have violated the law. Therefore, in the interest of justice a new trial should be held as to all issues and not limited to the issue of damages.