Felix ELLIOTT
v.
UNITED STATES STEEL CORPORATION.
Civ. A. No. 16376.

United States District Court
W. D. Pennsylvania.
June 23, 1961.

P. J. McArdle, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this personal injury action based on negligence, the jury rendered a verdict in favor of the plaintiff in the amount of $45,000.

The matter before this Court is two-fold:

1. Motion of defendant, United States Steel Corporation for Judgment Notwithstanding the Verdict.

2. Motion of plaintiff for new trial limited to damages by reason of inadequacy.

Defendant's Motion for Judgment NOV

Plaintiff, an employee of a subcontractor assigned to perform work at one of defendant's plants, was struck by a train in the course of leaving his work while crossing railroad tracks on the premises of defendant. A jury question was clearly presented as to whether a hazardous and dangerous crossing existed and whether defendant had taken sufficient safeguards to protect business invitees.

Counsel for the defendant vigorously persists that plaintiff failed to exercise reasonable care and caution for his own safety and contends he was guilty of contributory negligence as a matter of law. The issue was most intensively argued by counsel at time of trial and undoubtedly given great weight in the jury's deliberations.

The jury was apprised of the recent pronouncement of the Pennsylvania Supreme Court that any degree of contributory negligence on the part of the plaintiff, however slight, would bar his recovery. Crane v. Neal, Appellant, 389 Pa. 329, 132 A.2d 675.

Reviewing and evaluating all the credible evidence and the inferences deducible therefrom, I must conclude that reasonable minds can differ both as to whether negligent conduct exists on the part of the defendant and as to whether plaintiff was guilty of contributory negligence.

The Court is not free to reweigh the evidence and set aside the jury's ver-

dict merely because the jury could have drawn different inferences or conclusions, or because the Court regards another result more reasonable. Tennant v. Peoria & P. U. Railroad Company, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania Railroad Company, 3 Cir., 182 F.2d 793; Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

Plaintiff's Motion for New Trial

Plaintiff sustained an amputation of the index, middle, and ring fingers together with a portion of the thumb of the right hand. Prior to the accident he was an electrician and because of his inability to carry on his profession thereafter, he obtained employment as a welder. An irreconcilable conflict arose as to the respective versions of plaintiff's loss of wages and impairment of earning power experienced as a result of the accident. Because plaintiff was self-employed for a substantial period prior to his accident, considerable indefiniteness surrounded his earnings. His loss of wages was evaluated between opposing counsel as high as $13,000 and as low as $4,500. It further appears that plaintiff is earning as much as, and conceivably more than, he would have earned had he practiced his original profession as an electrician.

 I am most cognizant of the gravity of plaintiff's injuries and the excruciating pain to which he was subjected, with impairment of potential earning power which an injury of this nature necessarily entails. I am further aware of the pronouncement of this circuit that the receipt of the same or greater wages after an accident does not negate nor control an award for loss of future earnings, Wiles v. New York, Chicago, & St. Louis Railroad Company, 3 Cir., 283 F.2d 328.

■■ Nevertheless, the same principles governs the right of the Court to set aside a verdict when it is attacked for inadequacy as when it is attacked for excessiveness, DeFoe v. Duhl, 4 Cir., 286 F.2d 205. Whether a judgment is low or high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Company of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick Railroad Company, 3 Cir., 234 F.2d 429.

■ The amount awarded is not so out of proportion to the injury and loss suffered as to evince prejudice, partiality, or corruption by the jury or show that it was actuated by a mistaken view of the merits of the case.

After applying most reflected judgment to the record, I am satisfied that substantial evidence exists to support the verdict of the jury.

An appropriate order is entered.