**Mamie J. MAINELLI and Nicholas Mainelli, Plaintiffs,**

v.

**Alfred HABERSTROH and Marie Haberstroh, Individually a/d/b/a Hill Top Rest, Defendants.**

**Civ. No. 8197.**

United States District Court
M. D. Pennsylvania.

Sept. 4, 1964.

Louis A. Fine, Honesdale, Pa., for plaintiffs.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendants.

NEALON, District Judge.

Plaintiffs, Mamie J. Mainelli and Nicholas Mainelli, her husband, brought suit against defendants, Alfred Haberstroh and Marie Haberstroh, d/b/a Hill Top Rest, to recover damages for injuries sustained by Mamie J. Mainelli when she fell from a step while a paying guest at defendants' resort boarding house. At the trial, plaintiffs' evidence revealed that while Mamie J. Mainelli was departing from the dining room, she stepped out the front door onto a step consisting of a single slab of natural stone, the center of which was hollowed out into a depression estimated at from $\frac{1}{2}''$ to $2''$ in depth. The depression was partially covered by a rubber mat, according to plaintiffs, and when Mrs. Mainelli's foot came in contact with the mat it gave way into the depression, thereby causing her to fall. As a result of the fall, Mrs. Mainelli sustained a fracture of the distal end of the

right fibula at the ankle and was hospitalized for three days at Wayne Memorial Hospital. Plaintiffs claimed out-of-pocket expenses of $1,590.89, which represented medical expenses, $405.89; domestic help, $625.00, and loss of wages, $560.00. The jury awarded Mr. Mainelli the full amount of out-of-pocket expenses and awarded Mrs. Mainelli $200.00 for pain and suffering. Plaintiffs filed a motion for a new trial solely on the issue of damages under authority of Rule 59(a), contending that the verdict in Mrs. Mainelli's favor in the amount of $200.00 for pain and suffering was grossly inadequate.

During the jury's deliberations a note was sent out to the Court containing the following inquiry: "If we give to Mr. Mainelli his expenses, do we have to find for Mrs. Mainelli also." The jury was summoned into open Court and instructed by the Trial Judge that, in order for Mr. Mainelli to recover his expenses, the jury would first have to find defendants negligent, and if they so concluded that defendants were negligent, then Mrs. Mainelli would be entitled to recover for her pain and suffering. The jury subsequently returned the verdict hereinabove mentioned. Consequently, the sole issue to be decided under plaintiffs' motion is whether the award to plaintiff, Mrs. Mainelli, for pain and suffering was so grossly inadequate as to entitle her to a new trial. It is defendant's position that (a) the determination of damages is solely a question for the jury; (b) the verdict was not so inadequate as to shock the conscience of the Court, and (c) the disputed liability had an effect upon the amount of the award, i. e., a compromise verdict. Plaintiffs contend that the award to Mrs. Mainelli was grossly inadequate under any view of the medical evidence presented at trial and further that no compromise based upon contested or uncertain liability can be read into the jury's findings, inasmuch as the verdict for Mr. Mainelli was for the full amount of the special damages claimed by him.

Under Rule 59(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., a new trial may be granted " * * for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States * * *." However, the trial judge should not interfere with the time-honored right of the jury, in the exercise of its collective judgment, to make a just determination of a defendant's liability and the damages sustained by a plaintiff for to do so " * * * effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts." Lind v. Schenley Industries, Inc., 278 F.2d 79 (3d Cir. 1960), certiorari denied 364 U.S. 835, 81 S.Ct. 58, 5 L.Ed.2d 60. Nevertheless, it is for the trial judge " * * * to see that right and justice are done in the case before him, setting aside the verdict and granting a new trial if in the exercise of a sound discretion he thinks such action necessary to prevent an unjust result." Magee v. General Motors Corp., 213 F.2d 899 (3d Cir. 1954). An unjust result would flow from an award that was so grossly inadequate or so grossly excessive as "to shock the conscience of the court"[1], or indicating "mere caprice or mistake"[2], or "that the jury in rendering the verdict clearly abused its peculiar fact-finding discretion or was clearly influenced by partiality, corruption, passion, prejudice or some misconception of the law or material evidence."[3]

In the present case, the jury awarded the full amount of out-of-pocket expenses claimed by plaintiff husband and, in addition, awarded plaintiff wife $200.00 for her pain and suffering. Is this award for pain and suffering so grossly inade-

1. Zellem v. Herring, 102 F.Supp. 105 (W.D.Pa.1952).

2. Martin v. Swift, 258 F.2d 797 (3d Cir. 1958).

3. Di Salvo v. Cunard Steamship Co., 171 F.Supp. 813 (S.D.N.Y.1959).

quate as to shock the conscience of the Court and thereby indicate that the jury clearly abused its fact-finding discretion?[4] If the jury fails to make any award for pain and suffering, then a trial judge may justifiably order a new trial. Davison v. Monessen Southwestern Railway Co., 144 F.Supp. 599 (W.D.Pa.1956). But such is not the case here. It must be remembered that pain and suffering is a rather elusive concept which is not susceptible of precise monetary formulation. Mitchell v. Evelyn C. Brown, Inc., 310 F.2d 420 (1st Cir. 1962); Hanson v. Reiss Steamship Company, 184 F.Supp. 545 (D.C.Del.1960); Petition of Gulf Oil Corporation, 172 F.Supp. 911 (S.D.N.Y.1959). "In determining the amount of an award for pain and suffering a juror or judge should necessarily be guided by some reasonable and practical considerations. It should not be a blind guess or the pulling of a figure out of the air. At the same time there is no exact or precise measuring stick. Exact compensation is impossible in the abstract but the juror or judge should endeavor to make a reasonable or sane estimate. The practical considerations influencing a particular juror or judge or the reasoning used by him may very well differ with the method used by another juror or judge, yet each of such different methods or modes of reasoning may be a reasonable method of reaching the desired result." Imperial Oil, Limited v. Drlik, 234 F.2d 4 (6th Cir. 1956). Moreover, the existence and extent of damages being peculiarly a question of fact, great deference is due the determination of the fact-finder. Mitchell v. Evelyn C. Brown, Inc. (supra). "The efficacy of the jury system is that it recognizes the grays which the law too frequently assigns to the limited categories of black and white. Jurors have a tendency to view the evidence as a whole and to apply to it their accumulated experience and combined sense of justice to arrive at a result they believe to be fair to all the parties under all the circumstances." Hilscher v. Ickinger, et ux., 194 Pa.Super. 237, 166 A.2d 678 (1960), affirmed per curiam 403 Pa. 596, 170 A.2d 595 (1961). Whether a judgment is low or high, it should stand if there is ample evidence to justify it. It is not the prerogative of the Court to arbitrarily substitute its judgment for that of the jury. Elliott v. United States Steel Corporation, 194 F.Supp. 936 (W.D.Pa.1961), affirmed per curiam, 3 Cir., 330 F.2d 444 (1962).

Plaintiffs' evidence revealed that plaintiff wife sustained a fracture of the distal end of the right fibula at the ankle and that she was hospitalized for three days at Wayne Memorial Hospital where her right leg was placed in a cast. The cast was kept on for six weeks, an ankle support was then supplied, and she returned to work a week later. She testified to experiencing pain upon walking and upon flexion of the ankle. She claimed treatment for approximately sixteen weeks to reduce the pain and eliminate the swelling. It was her doctor's opinion that she would continue to have periods of pain and swelling, especially while standing and walking. However, it is the province of the jury to evaluate the testimony and to accept that which it believes and credits, and to reject that which it questions or disbelieves. The jury is not bound to accept the testimony of any witness no matter how impressive he may appear to the trial judge. " * * * [T]he trier of fact is at liberty within bounds of reason to reject entirely the uncontradicted testimony of a witness which does not produce conviction in his mind of the witness' testimony." Wooley v. Great Atlantic & Pacific Tea Company, 281 F.2d 78 (3d Cir.

4. "Where there are no applicable rules which supply a mathematical formula, or something like it, the jury's wide discretion must be recognized. The court can only set the outer bounds of this discretion, and in doing so must itself exercise the same kind of discretionary judgment which the jury has exercised. The test must necessarily, therefore, be stated in broad terms and be such as to remind the court of the breadth of the jury's sphere." Fleming, Remedies for Excessiveness or Inadequacy of Verdicts, 1 Duquesne Law Review 143, 146.

1960). Moreover, defendant's medical witness, Dr. Joseph Rosenbeck, who examined plaintiff wife on December 5, 1962, concluded that her prognosis was excellent, that there was no permanent loss and that there was no disability at the time of the examination except for slight swelling, which would disappear within a reasonably brief period thereafter. Although the award for pain and suffering is on the penurious side, there is nothing to suggest that it represents anything other than the product of a dutiful and conscientious jury. Certainly there is no evidence of mere caprice, mistake, partiality, corruption, passion, prejudice or some misconception of the law or material evidence, signifying that the jury clearly abused its fact-finding discretion. Unless we are to encourage a wholesale judicial onslaught on the respected American institution known as the jury system, modest and generous verdicts alike must be allowed to stand so long as there is ample evidence justifying them.

■ In the absence of more elaborate and explanatory guidelines for the jury in the somewhat elusive area of pain and suffering, we must expect substantial disparities among juries as to what constitutes adequate compensation for certain types of pain and suffering. This is a litigious fact of life of which counsel, clients and insurance carriers are fully aware. Once they place their fate in the hands of a jury, then they should be prepared for the result, whether the award be considered generously high or penuriously low. They cannot expect the Court to extricate them in all cases where the award is higher or lower than hoped for or anticipated. In Caldwell v. Southern Pacific Co., 71 F.Supp. 955 (S.D.Cal. 1947), Judge Yankwich made the following interesting comments:

"I concede that, under Rule 59 of the Federal Rules of Civil Procedure, providing that new trials may be granted 'for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States,' the Court has the power to grant a motion for a new trial for inadequacy of the damages awarded. * * * But this rule does not mean that I am to substitute my judgment for that of the jury. * * * It merely means that when, under the law, the plaintiff is entitled, as of right or according to an established formula, to a minimum of special damages, or the verdict of the jury as to general damages, considering the elements involved, is so inadequate as to shock the conscience of the court, the court should intervene. Were it otherwise, it would mean that in any case in which my own opinion as to the damages awarded does not coincide with that of the jury, I would set it aside. This would subvert the function of the jury.

* * * * * *

"If counsel desire to have the judgment of the court upon these matters, they can secure it easily by not demanding a jury trial. Rule 38(d), F.R.C.P. Then they receive the judgment of the court, not only on the question of liability, but also on the question of damages, unaided by the jury. But when they demand a jury, they must take the chance of accepting the jury's judgment as to both questions, unless, of course, the verdict is so vulnerable legally that the Court is compelled to set it aside."

To this I would add the observation that a case may be settled by the parties in typical give and take fashion in order to avoid the uncertainties of a jury verdict. But once the jury has spoken on a matter peculiarly within its sphere, i. e., the award of general, unliquidated damages, then the Court should be most reluctant to set aside the product of a jury's conscientious deliberations unless it would amount to a miscarriage of justice to allow the award to stand.

■ After reviewing the evidence and applying the principles herein set forth, it cannot be said that the jury clearly

abused its fact-finding discretion necessitating judicial intervention.

## ORDER

Now, this 4th day of September, 1964, in accordance with the Memorandum this day filed, it is Ordered and Decreed that the motion of plaintiff, Mamie J. Mainelli, for a new trial under Rule 59(a) is denied.