**Fred SILHOL and Joan Silhol, his wife**

v.

**Neal LEVENGOOD.**

**Civ. A. No. 44040.**

United States District Court,
E. D. Pennsylvania.

June 9, 1972.

Stephen G. Fox and Bernstein, Schlessinger & Fox, Philadelphia, Pa., for plaintiffs.

Nathaniel P. D'Amico and McEldrew Hanamirian, McWilliams, Quinn & Bradley, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

Plaintiffs brought the above captioned action as a result of injuries plaintiff wife sustained and the property damage the automobile in which they were riding received, when they were struck in the rear by defendant's automobile at the Reading Interchange of the Pennsylvania Turnpike. After a jury trial before this Court, the jury returned with a verdict in favor of the plaintiffs in the amount of $1,500. Plaintiffs have filed a Motion for New Trial on the grounds that the amount of the award was inadequate. For the reasons stated below, we shall deny this motion.

Plaintiffs and defendant stipulated at trial that the property damage to plaintiffs' automobile was $772.91. Plaintiffs' only contention is that the balance of the award $727.09, was inadequate to cover her past and future medical bills, pain and suffering, and household expenses.

We have reviewed the evidence presented during the trial and find that the opposing sides presented conflicting but credible testimony as to the extent of the injuries sustained by plaintiff wife. Consequently, the legitimacy of her need for extensive medical treatment and household help was called into question. So, too, was the extent of her pain and suffering.

Pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, the Court may grant a new trial when in its discretion it feels that the amount of damages awarded by the jury is inadequate. See generally, Moore, Federal Practice, Vol. 6A ¶ 59.08 [6] p. 3821 et seq. When a party calls into question the collective wisdom of the jury, the Court must exercise its power to grant a new trial circumspectly so as not to unduly disregard the limits of its own function and interfere in that which is peculiarly within the province of the jury. For the court to indiscriminately grant new trials in cases like the one at bar would be to denigrate the jury system. In fact, the Court should exercise its power only when

" * * * *under the law,* the plaintiff is entitled, *as of right* or according to an established formula, to a minimum of special damages, or (when) the verdict of the jury as to general damages, considering the elements involved, is so inadequate as *to shock the conscience of the court,* * * * ", Caldwell v. Southern Pacific Co., 71 F.Supp. 955, 962 (S.D.Cal., 1947), (Emphasis not supplied).

The Court should not use this power merely to substitute its conclusions for those of the jury. See Zeller v. Herring, 102 F.Supp. 105 (W.D.Pa.1952).

In the case at bar, the jury heard the testimony and made up its mind whom and what to believe. There was evidence to support an award in the range of that which was set by the jury. Whether or not the Court would have arrived at the same conclusion is of no moment. Since the jury did not abuse its fact finding discretion, its award will be left to stand. See Mainelli v. Haberstroh, 237 F.Supp. 190 (M.D.Pa.1964); Eulo v. Deval Aerodynamics, Inc., 47 F. R.D. 35 (E.D.Pa.1969).

Accordingly plaintiffs' Motion for a New Trial will be denied.