### E. Moses LEGETTE

v.

### NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK.

### Civ. A. No. 76–2448.

United States District Court, E. D. Pennsylvania.

Oct. 16, 1979.

Joseph Smuckler, Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., for plaintiff.

Richard L. Goerwitz, Jr., Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, Senior District Judge.

This action is before the Court on plaintiff's post trial motion for a new trial. At the conclusion of an eight day trial, the jury returned a verdict finding: (1) negligence on the part of defendant (AMTRAK); (2)

contributory negligence of 55% on the part of plaintiff (LEGETTE); and (3) total damages in the amount of $40,000. Accordingly, judgment was entered. Subsequently, plaintiff filed a post trial motion for a new trial. A hearing was held to determine the merits of the motion.

I have decided to deny plaintiff's motion for a new trial. "[W]here, as here, the case turns on controverted facts and the credibility of witnesses, the case is peculiarly one for the jury." *Ellis v. Union Pacific Railroad Co.*, 329 U.S. 649, 653, 67 S.Ct. 598, 600, 91 L.Ed. 572 (1947). I hold that the evidence presented at trial raised substantial questions of fact, thus making the case "peculiarly one for the jury." Since there was a reasonable basis for the verdict which the jury returned, I will not disturb their findings.

Briefly, the facts of this case[1] stated in a light most favorable to the verdict winner[2] are as follows: Plaintiff, a trackman for the defendant railroad at the time of the accident, was working as part of a track crew replacing railroad ties. On June 17, 1976, at approximately noon, Mr. Legette stopped his work and walked down the tracks to get a drink of water. The water container was located on or behind defendant's tie handler machine. After obtaining his drink, and while returning to his work, Mr. Legette was struck and injured by the swinging boom of the tie handler machine. Plaintiff was taken to the hospital, where he was x-rayed, treated and discharged. In addition, plaintiff has since undergone additional medical treatment for his injuries.

Plaintiff has advanced the following grounds by way of brief and oral argument in support of his motion for a new trial:

"1. The gross damages found by the jury was [sic] against the weight of the evidence.

"2. The determination found by the jury as to the percentage of contributory negligence was against the weight of the evidence.

"3. The Court erred in charging on the issue of contributory negligence.

"4. The Court refused to charge plaintiff's request for charge No. 10 and No. 11, regarding defendant's duty to adopt and use reasonably safe methods of doing the work.

"5. The charge of the Court was confusing and self-contradictory.

"6. The charge confused the issues of contributory negligence and assumption of risk.

"7. The Court failed to charge that the failure of defendant to call as a witness the crane operator whose crane struck plaintiff raised an inference that his testimony would be unfavorable to defendant.

"8. The Court erred in its charge in failing to charge on all the elements and circumstances of the claimed negligence so that the jury might fix the quality and quantity of that negligence in its relation to the sum total of the negligence of both parties.

"9. The Court erred in failing to state any of the facts of the case or to apply the facts of the case to the law of the case."

▬ Motions for a new trial require the exercise of discretion by the Court, whose "duty is essentially to see that there is no miscarriage of justice." 6A *Moore's Federal Practice*, ¶ 59.08[5] at 59–160 (footnote omitted) (2d ed. 1974); *Thomas v. E. J. Korvette, Inc.*, 476 F.2d 471, 474–75 (3d Cir. 1973); *Morgan v. Bucks Assoc.*, 428 F.Supp. 546, 548 (E.D.Pa.1977). However, "[w]hen a party calls into question the collective wisdom of the jury, the Court must exercise its power to grant a new trial *circumspectly* so as not to unduly disregard the limits of its own function and interfere in that which is peculiarly within the province of the jury." *Silhol v. Levengood*, 55 F.R.D. 304 (E.D.Pa.1972) (emphasis added). Thus, a jury's verdict may be set aside only if mani-

---

1. This action arose under the Federal Employers' Liability Act (F.E.L.A.), 45 U.S.C. § 51 *et seq.*

2. *Gebhardt v. Wilson Freight Forwarding Co.*, 348 F.2d 129, 133 (3d Cir. 1965).

fest injustice will result if it were allowed to stand. A court may not substitute its own judgment for that of the jury merely because the court would have reached a different conclusion. Having these principles in mind, I now direct my discussion to plaintiff's assertions.

### SUFFICIENCY OF THE EVIDENCE

Plaintiff's ground no. (1) challenges the sufficiency of the evidence supporting the jury's determination of gross damages. Plaintiff's ground no. (2) challenges the sufficiency of the evidence supporting the jury's determination of the degree to which plaintiff was contributorily negligent. Since both of these challenges are to the sufficiency of the evidence, I shall consider them together.

In deciding a motion for a new trial based on the ground that the verdict is against the weight of the evidence, the Court may not substitute its judgment for that of the jury. 6A *Moore's Federal Practice*, ¶ 59.08[6] at 59–168–69 (2d ed. 1974). "[I]t is the duty of the Court to be certain that the verdict was not influenced by partiality or prejudice and that there is no miscarriage of justice." *University Marketing & Consulting, Inc. v. Hartford Life & Accident Ins. Co.*, 413 F.Supp. 1250, 1262 (E.D.Pa.1976).

Where a party is questioning the decision of a jury as to the amount of damages awarded, the Court must exercise its sound discretion so as not to interfere with the fact finding functions of the jury. Determination of the degree of contributory negligence of a party is a matter for the jury. It is the duty of "the jury to measure the risks involved, and to determine the extent, if any, to which the [party] was contributorily negligent." *McGlothan v. Pennsylvania Railroad Co.*, 170 F.2d 121 (3d Cir. 1948).

This Court may only interfere with a jury verdict when, "considering the elements involved, [it] is so inadequate as *to shock the conscience of the court." Silhol v. Levengood*, 55 F.R.D. 304, 305 (E.D.Pa.1972)

(emphasis in original); *Peterson v. Calmar Steamship Corp.*, 296 F.Supp. 8 (E.D.Pa. 1969). In applying these principles to the facts of the case *sub judice*, it is apparent to this Court, in accordance with legal standards and sound discretion, that the findings of the jury should not be disturbed. *Hard v. Stevens*, 65 F.R.D. 637 (E.D.Pa. 1975).

Plaintiff offered evidence that some of his injuries persisted up to the time of the trial and that he was unable to return to his former work. (N.T. 1–55; 1–57). However, there was conflicting expert medical testimony as to the actual extent of plaintiff's injuries. Plaintiff's doctor testified that he diagnosed muscle spasms of the back and prescribed a back brace and therapy. (N.T. 2–137; 2–93, 97; 1–45, 48). However, defendant's medical witnesses testified that they found low back pain and administered a myelogram, a diagnostic test, which was negative. (N.T. 4–46, 47). In addition, one of defendant's witnesses also testified that plaintiff could have returned to work at any time. (N.T. 3–41, 42, 49).

Defendant also introduced testimony as to the contributory negligence of Mr. Legette. Testimony elicited at trial indicated other routes that plaintiff could have taken back to his work after getting his drink of water. (N.T. 4–23). Defendant offered testimony to the effect that plaintiff, as a trackman, had the duty himself to avoid the tie handler machine, as opposed to the machine operator having a duty to look out for the workers. (N.T. 4–67). Furthermore, the defendant maintained that the accident could not possibly have occurred in the manner alleged by plaintiff. (N.T. 4–66). The issues raised by this conflicting testimony presented questions of fact for the jury and I will not circumvent their findings.

On the issue of damages, plaintiff sets forth in his brief in support of his motion for a new trial, that he incurred, at the time of trial, $33,000 in lost wages and benefits. Plaintiff's Brief at 15. The existence and extent of damages are peculiarly

questions of fact and hence great deference is due the determination of the factfinder. *Mainelli v. Haberstroh*, 237 F.Supp. 190, 192 (M.D.Pa.1964), *aff'd*, 344 F.2d 965 (3d Cir. 1965).

The jury returned a damage award of $40,000, which, when reduced by 55%, the degree to which the jury found the plaintiff contributorily negligent, was neither "shocking to the conscience" of the Court, nor so excessively low as to be inconsistent with the evidence presented at trial.

■ The evidence here was clearly conflicting. Therefore, it is the duty of the jury, after listening to all the testimony, to determine which facts it believes to be correct. "The credibility of witnesses is peculiarly for the jury and the Court cannot grant a new trial merely because the evidence was sharply in conflict." *University Marketing & Consulting, Inc. v. Hartford Life & Accident Ins. Co., supra*, 413 F.Supp. at 1262. Even plaintiff has acknowledged that the "jury had the right to accept the opinions of the various physicians which were expressed to them." Plaintiff's Brief at 11. I conclude that the jury did just that.

This Court will not interfere with the decision of the jury which, as is its particular function, made a determination of the damages due plaintiff and the degree to which plaintiff was contributorily negligent, for to do so would be a "denigration of the jury system." *Mainelli v. Haberstroh*, 237 F.Supp. 190, 192 (M.D.Pa.1964), *aff'd*, 344 F.2d 965 (3d Cir. 1965). For the foregoing reason, I find that plaintiff's grounds number (1) and (2) do not warrant ordering a new trial.

## CONTRIBUTORY NEGLIGENCE

Plaintiff asserts in ground number (3) that the issue of contributory negligence was not raised at trial and therefore, the Court erred in charging the jury on that issue. I find this contention to be without merit.

Whether or not the issue of contributory negligence is properly submitted to the jury

depends on whether, and to what degree, evidence of plaintiff's contributory negligence was produced at trial. The Court in *Dixon v. Penn Central Company*, 481 F.2d 833 (6th Cir. 1973), articulated the standard:

[T]he same causation standard—whether the act contributed in any way to the injury—applies both to defendant's negligence and plaintiff's contributory negligence. Accordingly, the FELA cases that allow plaintiffs to reach the jury on a very slim showing of negligence permit defendants to go to the jury on the issue of plaintiff's negligence with equally slim showings. However, just as an FELA plaintiff has no case if he cannot produce some showing of negligence, neither has a defendant who fails to produce any evidence at all on the issue. *Id.* at 835.

The plaintiff here introduced evidence tending to show that he had no duty to anticipate the tie handler operator's actions. (N.T. 1–37). Plaintiff contends that he had a right to be where he was when the accident occurred, that he was proceeding properly and that he had no warning of the impending danger. Plaintiff's Brief at 5. Defendant's evidence contradicted these assertions and clearly raised the issue of plaintiff's contributory negligence. Defendant introduced testimony as to two other safe routes that plaintiff could have taken on his return, rather than the dangerous one he chose. (N.T. 4–23; 4–32; 4–39; 4–64).

In addition, defendant introduced testimony regarding the company rule book and its provisions relating to the responsibility of the workmen to watch out for the tie handler machines when working near them. (N.T. 4–67).

Defendant's evidence, when contrasted with that of plaintiff, clearly raise the issue of whether or not plaintiff was contributorily negligent. The jury, in view of their findings, certainly could have inferred that plaintiff was derelict in his duty to be aware of the tie handler machine. The jury could also have inferred that plaintiff was negligent in taking a return route which was less safe than other existing routes. I

conclude that there was more than a "slim showing" of evidence on this issue and therefore, plaintiff's ground number (3) does not warrant ordering a new trial. *Mumma v. Reading Co.*, 247 F.Supp. 252 (E.D.Pa.1965).

## JURY CHARGE

Plaintiff asserts in ground no. (4), that this Court improperly refused to charge the jury with plaintiff's Point for Charge No. 10,[3] substituting instead, the Court's own charge. Although this Court did not charge as requested by counsel, the Court's charge was nevertheless correct.

In cases arising under F.E.L.A., 45 U.S.C. § 51 *et seq.*, a defendant railroad has a duty of care to act in a reasonably prudent manner. In *Shenker v. Baltimore & Ohio Railroad Co.*, 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963), the Supreme Court cited with approval, a trial judge's instruction to the jury that "a railroad is under a duty to exercise ordinary prudence, caution and care . . . ." *Id.* at 7, 83 S.Ct. at 1671; *see, Chicago & North Western Railroad Co. v. Rieger*, 326 F.2d 329, 334 (8th Cir.), *cert. denied*, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964).

In the present case, plaintiff's suggested Point for Charge No. 10 is as follows:

I charge you that it is the duty of the defendant railroad to adopt and use reasonably safe methods of doing work. If, therefore, you find from the evidence that a safer method or procedure for doing the work should reasonably have been adopted and followed, you may find the defendant railroad negligent.

I refused plaintiff's requested Point for Charge and instead, issued the following instruction to the jury:

To determine that the defendant was negligent on this occasion, you must find that the accident occurred because the railroad failed to act in a manner that a reasonably prudent person would have acted, to provide the plaintiff with a reasonably safe place to work.

■ Plaintiff's charge asserted a standard under which defendant railroad would have had to meet a standard of care higher than the "reasonably prudent manner" standard described by the Supreme Court. *Shenker v. Baltimore & Ohio Railroad Co.*, 374 U.S. 1, 83 S.Ct. 1667, 10 L.Ed.2d 709 (1963). Since this Court's charge was in accord with the standard of care for railroads in actions arising under F.E.L.A., plaintiff's ground number (4) lacks merit and does not warrant ordering a new trial.

Plaintiff's grounds number (5) through (9) deal with various other aspects of my jury charge. Plaintiff's contentions, not having been dealt with during oral argument or in his brief, will not be discussed here. However, I have examined all aspects of these points and find them to be entirely without merit.

## CONCLUSION

I conclude that a jury could have inferred from testimony elicited at trial facts sufficient to support their findings. Further, I find that the Court's instructions to the jury were properly given. Therefore, for the above stated reasons, plaintiff's motion for a new trial should be, and hereby is, DENIED.

---

**3.** Plaintiff also asserted as grounds for a new trial, the Court's failure to charge his suggested Point for Charge No. 11. Since the plaintiff won on the liability portion of the trial, I find that he has no basis for such an argument. However, I have reviewed this contention and find it without merit.