806 F.2d 1198
 36 Ed. Law Rep. 322
 Catherine L. SPENCE
v.
BOARD OF EDUCATION OF the CHRISTINA SCHOOL DISTRICT; Board
of Education of the New Castle County School District;
George V. Kirk, individ., and Supt. & Sec. Board N.C.C.
School Dist. and Christina School Dist; John R. McIntosh,
individ. and Prin. Newark High School; James H. Sills, Jr.,
individ. and Pres. Board Ed. Christina School Dist.;
Barbara T. Duncan, individ., and Vice-Pres. Board Ed.
Christina School Dist.; Carole Ann Boyd, Alfred I. Daniel,
Phillip W. Darby, George E. Evans, Georgia Wampler, individ.
and members Board of Ed. Christina School Dist.; Mary
DiVirgilio, individ. and Pres. Board of Ed. N.C.C. School
Dist.; James H. Sills, Jr.; individ. and Vice-Pres. Board
of Ed. N.C.C. School Dist.; William Clark, Earl J. Reed,
Gilbert S. Scarborough, individ. and members N.D.C. School Dist.
Appeal of Catherine L. SPENCE.
 No. 86-5239.
 United States Court of Appeals,
Third Circuit.
 Argued Oct. 29, 1986.
Decided Dec. 5, 1986.
As Amended Dec. 29, 1986.
 
 Gary W. Aber (argued), Heiman and Aber, Wilmington, Del., for appellant.
 David H. Williams (argued), Barbara D. Crowell, Morris, James, Hitchens & Williams, Wilmington, Del., for appellees.
 Before ADAMS, HIGGINBOTHAM and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Senior Circuit Judge.
 
 
 1
 Plaintiff, Catherine Spence, was transferred from her position as an art teacher at Newark High School, in Newark, Delaware, to a position teaching elementary school art in June of 1981. Plaintiff filed a complaint under 42 U.S.C. Sec. 1983 on April 27, 1982, alleging that the transfer was in retaliation for the exercise of her First Amendment rights of free speech and free association. A jury trial was held in February 1984; the jury found that plaintiff's exercise of her rights to free speech and association was a substantial motivating factor in the decision to transfer her from Newark High School. The jury awarded plaintiff $25,000. in compensatory damages and assessed punitive damages against defendant John McIntosh, the school's principal, in the amount of $3,500.
 
 
 2
 Defendants filed a motion for a new trial pursuant to Fed.R.Civ.P. 59. The district court issued an opinion and order dated April 4, 1984, directing that plaintiff remit $22,060. of the compensatory damages (representing emotional distress damages) or undergo a new trial on both the issues of damages and liability. Contrary to the implication of the concurrence, see concurrence typescript at 9, the district court did not eliminate all compensatory damages.[1] Nonetheless, plaintiff refused to accept the remittitur and elected to proceed with a new trial.
 
 
 3
 On April 4, 1985, plaintiff requested the district court to reconsider its opinion and order of April 4, 1984, and requested that the retrial be limited solely to the question of damages. The district court denied these requests on October 10, 1985.
 
 
 4
 The second trial on both the issues of damages and liability was held in March 1986. The jury returned a verdict for defendants, finding that the plaintiff's exercise of her First Amendment rights was not a substantial or motivating factor in the decision to transfer her. A final judgment was entered in favor of the defendants pursuant to that verdict.
 
 
 5
 Plaintiff appeals from the district court's order of April 4, 1984, ordering remittitur or a new trial and from its October 10, 1985, order denying plaintiff's request that the retrial be limited to the issue of damages.[2] For the reasons set forth below, we will affirm the abovementioned district court orders.
 
 I.
 
 6
 The first issue presented to this court is whether the district court erred in its issuance of a remittitur. Plaintiff argues that the district court's order rests on a misinterpretation of Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In Carey, the Supreme Court held that substantial compensatory damages could not be awarded in that case absent proof that actual injury resulted from a denial of procedural due process. Id. at 248, 98 S.Ct. at 1044. The district court, relying on Carey, stated that "[a]lthough mental and emotional distress caused by the denial of first amendment rights is compensable, an award of damages for such injury will not stand without proof that such injury was actually caused." Spence v. Board of Education, Civil No. 82-212, D.Del., slip op. at 2, App. at A-23 (citing Carey, 435 U.S. at 264, 98 S.Ct. at 1052). Plaintiff argues that Carey does not apply to this case because its holding was limited solely to procedural due process deprivations, and not to situations where substantive constitutional rights have been violated. The Supreme Court recently rejected this distinction in Memphis Community School District v. Stachura, --- U.S. ----, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986):
 
 
 7
 "[Carey ] does not establish a two-tiered system of constitutional rights, with substantive rights afforded greater protection than 'mere' procedural safeguards. We did acknowledge in Carey that 'the elements and prerequisites for recovery of damages' might vary depending on the interests protected by the constitutional right at issue.... But we emphasized that, whatever the constitutional basis for Sec. 1983 liability, such damages must always be designed 'to compensate injuries caused by the [constitutional] deprivation.' "
 
 
 8
 Id., 106 S.Ct. at 2544 (quoting Carey, 435 U.S. at 264-65, 98 S.Ct. at 1052-53) (emphasis in original).
 
 
 9
 Notwithstanding this language, plaintiff argues that Carey and Memphis support a finding that damages may be presumed in the case at bar. We do not agree. Although the Supreme Court in both cases acknowledged that presumed damages may be appropriate in certain situations, the Court did not state that damages may be presumed in a case in which a plaintiff is unable to prove emotional distress resulting from a First Amendment violation. To the contrary, the Court stated that the doctrine of presumed damages is "an oddity in tort law" and has been applied only in limited circumstances, chiefly in the area of defamation per se. Carey, 435 U.S. at 262, 98 S.Ct. at 1051 (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 349, 94 S.Ct. 2997, 3011-12, 41 L.Ed.2d 789 (1974)). The situations alluded to by the Memphis Court that would justify presumed damages are also those involving defamation and the deprivation of the right to vote. Memphis, 106 S.Ct. at 2545 & n. 14.
 
 
 10
 In the case at bar, plaintiff alleged a First Amendment violation that resulted in emotional distress. Her claim does not fall within the narrow category of cases in which damages may be presumed. Indeed, the Supreme Court made clear in Carey that damages in the nature of emotional distress will not be presumed from an infringement of a constitutional right:
 
 
 11
 "[W]e foresee no particular difficulty in producing evidence that mental and emotional distress actually was caused by the denial of [a constitutional right]. Distress is a personal injury familiar to the law, customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff.... [N]either the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused."
 
 
 12
 Carey, 435 U.S. at 263-64, 98 S.Ct. at 1052.
 
 
 13
 Thus, since emotional distress damages may not be presumed, the district court properly ordered remittitur of those damages, finding that plaintiff did not submit sufficient evidence to prove that emotional injuries actually occurred or that they were caused by defendant's conduct. We emphasize that the district court did not hold that the plaintiff could not establish that damages for emotional distress were owing. The court held only that, because of the speculative nature of the evidence presented, the plaintiff had not established a right to compensatory damages for emotional distress.
 
 
 14
 The rationalization for, and use of, the remittitur is well established as a device employed when the trial judge finds that a decision of the jury is clearly unsupported and/or excessive. Kazan v. Wolinski, 721 F.2d 911 (3d Cir.1983); Keystone Floor Products Co., Inc. v. Beattie Manufacturing Co., 432 F.Supp. 869 (E.D.Pa.1977). Its use clearly falls within the discretion of the trial judge, whose decision cannot be disturbed by this court absent a manifest abuse of discretion. Murray v. Fairbanks Morse, 610 F.2d 149 (3d Cir.1979); Edynak v. Atlantic Shipping, Inc. CIE. Chambon, 562 F.2d 215 (3d Cir.1977). The district judge is in the best position to evaluate the evidence presented and determine whether or not the jury has come to a rationally based conclusion. Murray, 610 F.2d at 152-53.
 
 
 15
 The district court in this case ordered a remittitur based on its finding that "the award of damages for emotional distress was wholly speculative given the limited quality and quantity of proof that plaintiff submitted on the issue." Spence, slip op. at 5, App. at A-23. On the record before us, we cannot say that the court abused its discretion in ordering remittitur of the emotional distress damages. The evidence of emotional distress consisted chiefly of plaintiff's own testimony that she was depressed and humiliated by the transfer and that she had lost her motive to be creative. There was no testimony that plaintiff's peers held her in any less esteem. In fact, Dr. Shurtleff, an art professor at the University of Delaware, testified that he continued to invite plaintiff to lecture at the University even after her transfer to the elementary school level. Plaintiff offered no evidence that she suffered physically from her emotional distress or that she sought professional psychiatric counselling. It is uncontraverted that plaintiff suffered no loss of job or reduction in pay. Thus, she did not suffer emotional distress resulting from loss of income. In short, neither the circumstances nor the testimony established that there was "a reasonable probability, rather than a mere possibility, that damages due to emotional distress were in fact incurred as a result of the transfer." Spence, slip op. at 6, App. at A-24.
 
 
 16
 We need not decide whether a verdict for emotional distress may ever be supported solely by a plaintiff's own testimony. See Chalmers v. City of Los Angeles, 762 F.2d 753, 761 (9th Cir.1985); Williams v. Trans World Airlines, Inc., 660 F.2d 1267, 1272-73 (8th Cir.1981). But see Cohen v. Board of Education, 728 F.2d 160 (2d Cir.1984); Nekolny v. Painter, 653 F.2d 1164 (7th Cir.1981). We hold only that, on the facts of this case, the district court did not err in finding that the evidence was too speculative to support a $22,060. award of emotional distress damages.
 
 II.
 
 17
 The second issue presented to this court is whether the district court erred in determining that the liability and emotional distress damage issues were so interwoven that the new trial should be held on both issues. This court's review is limited to determining whether the district court abused its discretion in reaching its conclusion. Vizzini v. Ford Motor Co., 569 F.2d 754 (3d Cir.1977).
 
 
 18
 The Supreme Court in Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed.2d 1188 (1931), stated that an issue may not be isolated for a new trial "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." Id. at 500, 51 S.Ct. at 515. In the case at bar, the district judge applied the Gasoline Products Co. standard and concluded that the liability and damages issues were indeed too interwoven to allow a fair determination of damages apart from liability.
 
 
 19
 We find no abuse of discretion in the trial court's conclusion. As the district judge noted, "this case involves a tangled and complex fact situation" that took place over a one-year period. App. at 50. Plaintiff asserts that the new trial could have been limited to evidence showing only the effect the wrong had on the plaintiff since the time of her transfer. This, however, is contrary to the rule that emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct. See Carey v. Piphus, 435 U.S. 247, 263, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978) ("Distress ... is proved by showing the nature and circumstances of the wrong and its effect on the plaintiff."). The liability and damage issues are further intertwined in this case because the plaintiff is seeking punitive damages from the defendants. In order to prove that the defendants' conduct warranted punitive damages, plaintiff would have to present to the jury all the facts leading up to defendants' decision to transfer her. Thus, the liability and damages issues are not so easily separable as plaintiff suggests.
 
 
 20
 In summary, it is our opinion that the district judge properly used his discretion to offer a remittitur or a new trial to the plaintiff, as well as to determine that the liability and damage issues should be tried together on a retrial. Accordingly, the judgment of the district court will be affirmed.
 
 
 21
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge, concurring in result.
 
 
 22
 Although mental and emotional distress caused by a violation of a constitutional right is compensable, an award of damages for such injury must be supported by proof that the injury in fact occurred. See Memphis Community School Dist. v. Stachura, --- U.S. ----, 106 S.Ct. 2537, 2543-44, 91 L.Ed.2d 249 (1986); Carey v. Piphus, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55 L.Ed.2d 252 (1978).
 
 
 23
 In this case the district judge apparently concluded that there was insufficient evidence to support a damage award for emotional distress suffered as a result of the violation of appellant's first amendment rights. The court held that "where there is no evidence of loss of reputation, no loss of job, no reduction in salary, and no evidence of any physical suffering due to any emotional distress, the Court will not permit an award of damages for emotional distress solely on the basis of plaintiff's testimony of depression, humiliation, embarrassment and loss of creativity." A-25. The district judge then gave "plaintiff the option of either remitting [the full amount of damages awarded for emotional distress] ... or proceeding with a new trial on all issues in the case." Because my view of both the scope of the remittitur power and the nature of an emotional distress claim differs from the majority's, I write separately to express my views.
 
 I.
 
 24
 The majority holds that "since emotional distress damages may not be presumed, the district court properly ordered remittitur of those damages, finding that plaintiff did not submit sufficient evidence to prove that emotional injuries actually occurred or that they were caused by defendant's conduct." Maj. at 1200. I reach a different conclusion. My understanding of the Court's holdings in Memphis and Carey is that they establish only that there is no presumption that a legally compensable emotional or mental injury automatically flows from a violation of a constitutional right, not that having established proof of actual emotional distress as a result of the violation, damages do not flow therefrom.
 
 
 25
 As a practical matter, some degree of emotional distress stems from any violation of a plaintiff's rights, whether that right be rooted in the Constitution, state or federal statutes or the victim's status as a human being. The law, however, has never purported to compensate for every indignity suffered as a result of such violations. Nonetheless, a legally compensable emotional distress claim, by its very definition, is one which, if proved, should entitle the claimant to some compensation. Put otherwise, the nature of an emotional distress claim is such that a finding that such harm in fact has occurred should be accompanied by some amount of damages. Cf. Bauer v. Norris, 713 F.2d 408, 413 (8th Cir.1983) ("Assuming liability is found under section 1983 the jury may assess compensatory damages based upon, inter alia, ... the emotional harm suffered (including fear, humiliation and mental anguish) even though no actual damages are proven...."). But see Cohen v. Board of Educ. Smithtown Cent. School Dist., 728 F.2d 160, 161 (2d Cir.1984) ("jury returned a special verdict finding that Cohen suffered emotional distress and/or mental anguish but that the amount of his damage was '$0' ").
 
 
 26
 To be certain, there is "no legal yardstick by which to measure accurately reasonable compensation" for injuries such as emotional distress. McDonald v. United States, 555 F.Supp. 935, 971 (M.D.Pa.1983) (discussing measure of damages for pain and suffering). Yet, if a plaintiff suing for emotional distress damages pursuant to 42 U.S.C. Sec. 1983 establishes (1) a constitutional violation, (2) actual emotional injury, and (3) that such injury was proximately caused by the violation of his or her constitutional rights, s/he is entitled to a reasonable award of damages. See Aumiller v. University of Delaware, 434 F.Supp. 1273, 1310 (D.Del.1977); see also Williams v. Trans World Airlines, Inc., 660 F.2d 1267, 1273 (8th Cir.1981) (remanding for a determination of damages for mental distress "[s]ince the district court found an actual injury, but denied recovery ... for failure to adduce evidence of the actual dollar value of the injury"); cf. Busche v. Burkee, 649 F.2d 509, 519 (7th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981) ("Compensation for such injuries must not be denied simply because it is not easily quantified."). In sum, under Memphis and Carey it is the injury, not a precise measure of damages, that must be clearly established in the record before a plaintiff may recover any damages.
 
 
 27
 This Circuit has not yet articulated the proper legal standard for proof of mental distress and declines to do so today.[1] See Maj. at 1201. In Carey, however, the Supreme Court noted that "[a]lthough essentially subjective, genuine injury ... may be evidenced by one's conduct and observed by others." 435 U.S. at 264 n. 20, 98 S.Ct. at 1052 n. 20. The Court further observed that "[j]uries must be guided by appropriate instructions, and an award of damages must be supported by competent evidence concerning the injury." Id. (emphasis added). In this case, the jury heard testimony from Mrs. Spence and one of her colleagues, Professor Shurtleleff, with regard to her depression, humiliation, embarrassment, and loss of creativity. The stipulated jury instructions indicate that the jury was charged as follows:
 
 
 28
 In the event of a verdict in Catherine Spence's favor, she is entitled to be compensated for any physical or mental injury or for any personal aggravation, humiliation and mental anguish that resulted from the violation of her constitutional rights.... Your award should be just and reasonable in light of the evidence and as such should be sufficient to compensate the plaintiff reasonably and fully.
 
 
 29
 I instruct you that in assessing the amount of compensatory damages, if any, that accrue because of unlawful deprivation of the constitutional rights of Catherine Spence you may consider injury to the reputation of Mrs. Spence, her inability to pursue her chosen profession and her physical, mental and emotional suffering and humiliation....
 
 
 30
 Probably the most difficult element of damages to assess is mental anguish, inconvenience and aggravation. You are instructed that there is no set standard by which this can be measured except the enlightened conscience of impartial jurors. You should look to the evidence and determine the degree of mental anguish, embarrassment and inconvenience which was suffered, if any, and whether it was severe, moderate or mild; then you should determine from the evidence how long it lasted, whether it has ceased, or whether it will continue into the future. You should determine further whether it was or will be continuous or intermittent; and then, desiring to be fair to all parties, you should award such a sum as you think would be fair compensation for the mental anguish, embarrassment and aggravation which has been and will be undergone, in line with your enlightened consciences and your desire to do equal justice to both sides.
 
 
 31
 Stipulated Jury Instructions, Civil Action No. 82-212 CMW.
 
 
 32
 The jury thereafter returned a verdict for the plaintiff and assessed compensatory damages at $25,000.00, of which $22,060.00 apparently was awarded for emotional distress. In so doing, pursuant to the trial court's instructions, the jury necessarily determined that compensable emotional injury had in fact occurred. Whether in determining the amount of compensation due the jury concluded that the injury was severe, permanent, and/or continuous is unclear. On motion for new trial, however, the district court did not reach the question whether any combination of the above factors could have justified the $22,060.00 award. The court was not concerned with the amount of damages, but rather, the sufficiency of the proofs offered to establish the emotional injury.[2] Nevertheless, assuming arguendo that the district court correctly determined that plaintiff's evidence did not give rise to a compensable emotional injury, in my view, utilization of the remittitur device essentially to vacate the damage award was improper.
 
 II.
 
 33
 In general, the determination of compensatory damages is within the province of the jury and is entitled to great deference. See Mainelli v. Haberstroh, 237 F.Supp. 190, 193 (M.D.Pa.1964), aff'd, 344 F.2d 965 (3d Cir.1965). Thus, once injury has been established, the jury usually has considerable latitude in ascertaining the amount of the award. This latitude is not unbridled, however, and the trial court may properly set aside a verdict and grant a complete new trial or a partial trial on damages where the damage award is excessive.[3] See generally 6A J. Moore, J. Lucas & G. Grother, Jr., Moore's Federal Practice p 59.08 (1986).
 
 
 34
 In the instant case, it is clear that the trial judge found, not that the damages were excessive, but rather, that the jury's determination that Mrs. Spence suffered legally compensable emotional distress in any amount was erroneous. Had the trial court, based on that determination of law, simply granted defendant/appellee's motion for a new trial, I would have no quarrel.[4] Although in the instant case the consequences were essentially the same, I think there is a substantial difference between employing the remittitur device to vacate an award of damages as opposed to granting unconditionally a complete new trial where the court determines that the verdict is legally unsound.
 
 
 35
 Remittitur generally "refers to the court's action in diminishing the verdict of the jury." 6A J. Moore, J. Lucas & G. Grother, Jr., supra at p 59.08, p. 59-187 (emphasis added). I do not construe the court's power to diminish as including the power to eliminate altogether the jury's award of compensatory damages.[5] Although remittitur practice survived early challenges that it constituted a per se violation of the Seventh Amendment, see id. at p. 59-189, due regard for the jury's function as finder-of-fact remains a valid consideration upon examination of the court's exercise of the remittitur power.
 
 
 36
 Properly employed, the remittitur may "restore the verdict to acceptable limits." Schneffer v. Board of Ed. of Delmar Sch. Dist., 506 F.Supp. 1300, 1308 (D.Del.1981). Although there is no set standard by which to determine the acceptable limit in a given case, three approaches by which courts determine the amount of the remittitur have emerged from the case law. First, a court may "reduce the verdict to the lowest amount that could reasonably be found by the jury." 6A J. Moore, J. Lucas & G. Grother, Jr., supra at p 59.08, p. 59-195. Alternatively, a court may "reduce the verdict only to the maximum that would be upheld by the trial court as not excessive, apparently on the theory that the jury intended to award the plaintiff the maximum legal damages and the court should not invade the province of the jury except to reduce the amount of the verdict to that point." Id. at pp. 59-195, 59-197. Between these two extremes, a court may exercise its own discretion and adjust the verdict to "a figure that the court believes a proper functioning jury should have found." Id. at p. 59-197. Under none of these approaches do I find justification for the district court's nullification of the damage award for emotional distress in this case.
 
 
 37
 Remittitur is designed to give the plaintiff a choice where the prerequisites to recovery--liability and, where required, injury in fact--have been firmly established but the damage award is 'just too much.' Schneffer, 506 F.Supp. at 1308. The district court's nullification of the damage award here necessarily nullified the jury's factual determination that the emotional injury by Mrs. Spence gave rise to entitlement to compensation in some amount. The "option" offered to Mrs. Spence to remit the full amount of the emotional distress award or to proceed with a new trial, then, was really no option at all. Acceptance of the "remittitur" would have been tantamount to a concession that the underlying emotional injury, required by Carey as a prerequisite to a recovery of damages, had not in fact occurred or was not established on the record.[6]
 
 
 38
 In my view, the potential for abuse of the remittitur is evident if courts are deemed to possess the power to reduce compensatory damages of indeterminate measure to zero. On the one hand, plaintiffs entitled to some amount of damages on a particular claim may be coerced into accepting a full remittitur for fear of endangering other claims on retrial or simply for lack of time, money and/or physical or mental endurance to suffer through another trial. On the other hand, a defendant who deserves a complete new trial on the merits may be deprived of that right if the plaintiff opts for the remittitur over the new trial.[7] Indeed, the facts of this appeal seem more akin to those cases where the trial court determines that "the verdict is the result of passion or prejudice, or for any other reason it appears that the jury erred or abused its discretion not only on the issue of damages, but also on the issue of liability." 6A J. Moore, J. Lucas & G. Grother, Jr., supra at p 59.08, p. 59-199. Under those circumstances "the trial court must unconditionally order a new trial and cannot give the plaintiff the option to accept a lesser amount." Id. (emphasis in original). Because a complete new trial was afforded the parties in this case, and because the new trial was within the district court's power to grant, whatever error there was in the improper utilization of the remittitur device was harmless. Accordingly, I join in the affirmance of the district court's order for a complete new trial.
 
 
 
 [1]
 The district court explained that, of the $25,000. compensatory award, $2,940. represented plaintiff's increased traveling expenses and wage taxes resulting from the transfer. The remaining $22,060. apparently was awarded for emotional distress. Spence v. Board of Education, Civil No. 82-212, D.Del., slip op. at 7-8 & n. 4, App. at A-25--A-26. The district court stated that if plaintiff chose to accept the remittitur, she would still receive a $2,940. compensatory award and $3,500. in punitive damages. Id. at A-26
 
 
 [2]
 Plaintiff also appeals from the court's May 8, 1984, order granting her an extension of time in which to inform the court whether she would accept the remittitur or proceed to a new trial. Plaintiff does not address in her brief the basis for appeal from this order. We find no error in the court's ruling on this issue
 
 
 [1]
 Had we addressed the issue, however, I would not require testimony of psychologists or psychiatrists in corroboration of a claim for emotional distress. See Busche v. Burkee, 649 F.2d 509, 519 n. 12 (7th Cir.1981) (absence of testimony of medical or psychiatric experts not fatal to emotional distress claim). Nor would I deem it essential that proof of physical suffering accompany the claim. Rather, I would hold that plaintiff's testimony, adequately developed, may be sufficient to support a finding of compensable emotional injury. See id.; cf. Marable v. Walker, 704 F.2d 1219, 1220 (11th Cir.1983) (on plaintiff's Sec. 1981 claim for mental injury, absence of "evidence of pecuniary loss, psychiatric disturbance, effect on social activity, or physical symptoms ... go[es] more to amount, rather than the fact, of damage")
 
 
 [2]
 At the outset, had the district court determined that there was no or insufficient evidence on the question of emotional distress, the court could have limited the jury's consideration of compensatory damages to Mrs. Spence's claims of damage to her profession, physicial injury and increased travel expenses. Under Federal Rule of Civil Procedure 50(a), the district court is empowered to direct a verdict on its own motion. As noted by then Judge Blackmun, "we know of no rule which requires a formal motion by one side before a trial court may draw a legal conclusion and direct a verdict." Peterson v. Peterson, 400 F.2d 336, 343 (8th Cir.1968). Indeed, Chief Justice Hughes once intimated that district courts not only have the power to act, but also, in the appropriate case, the responsibility to do so: "The exercise of this power in a proper case is not only not objectionable, but is convenient in saving time and expense by shortening trials." Best v. District of Columbia, 291 U.S. 411, 54 S.Ct. 487, 78 L.Ed. 882 (1933). Thus, if there were legally insufficient evidence to present an issue whether compensable emotional injury had occurred for the jury, the court would have been well within its power in directing a verdict on that issue. See also Aetna Cas. and Sur. Co. v. L.K. Comstock & Co., 488 F.Supp. 732 (D.Nev.1980) ("a district court does have the power to grant directed verdicts sua sponte"). Of course, submission of an issue to the jury does not render the district court eternally bound by the jury's verdict. The corrective measures available to the district court where the jury's verdict is legally unsustainable, however, are limited. See infra
 
 
 [3]
 Whether the award is excessive is a determination committed to the sound discretion of district court. See Edynak v. Atlantic Shipping Inc. CIE. Chambon, 562 F.2d 215, 225 (3d Cir.1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978)
 
 
 [4]
 Indeed, "a motion for a new trial may be granted even though there may be substantial evidence to support the verdict if the Court determines that this action is necessary to prevent a miscarriage of justice." Schreffler v. Board of Ed. of Delmar Sch. Dist., 506 F.Supp. 1300, 1306 (D.Del.1981). It is a close question whether the district court considered the jury verdict as contrary to law or the result of improper instructions, and thus whether it ordered a new trial to prevent a miscarriage of justice or as against the weight of the evidence (and thus to some extent at least, substituted its judgment for that of the jury). In my view, the district court's post hoc articulation of a heightened legal standard of proof for an emotional distress claim in this case cannot be reconciled with the stipulated instructions to the jury. Such uncertainty as to the proper standard to be applied, however, may have justifiably led the court to the conclusion that a new trial was warranted to prevent a miscarriage of justice. Although I would not have concluded in the first instance that the damages awarded to Mrs. Spence for emotional distress were excessive, that determination is primarily committed to the sound discretion of the trial court and "we may not disturb his determination unless a 'manifest abuse of discretion' be shown." Edynak, 562 F.2d at 225 (quoting Wooley v. Great Atlantic & Pacific Tea Co., 281 F.2d 78, 80 (3d Cir.1960)). For a discussion of the varying standards employed by the district court in considering a motion for a new trial and by the appellate court upon review of the trial court's decision, see Lind v. Schenley Indus., Inc., 278 F.2d 79, 87-90 (3d Cir.1960)
 
 
 [5]
 As properly noted by the majority, the district court did not upset the compensatory damage award for Mrs. Spence's loss of wages and the increase in travel expenses. See Majority at 1199 n. 1. The compensatory damage award for the emotional injury suffered as a result of the violation of Mrs. Spence's First Amendment rights, however, was completely eliminated by the remittitur
 
 
 [6]
 The gravity of accepting the remittitur offered in this case is highlighted by the fact that "a plaintiff may not appeal the propriety of a remittitur to which [s/]he had agreed, whether under protest or not." 11 C. Wright, A. Miller & F. Elliott, Federal Practice and Procedure Sec. 2815 at 24 (1986 Pocket Part) (citing Donovan v. Penn Shipping Co., 429 U.S. 648, 97 S.Ct. 835, 51 L.Ed.2d 112 (1977))
 
 
 [7]
 The danger to the defendant is not as acute since s/he may always appeal the merits even if the plaintiff accepts the remittitur