**DLD-179**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1420
_____

JOSEPH CLARK KOHLER,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; YORK HOSPITAL, WELLSPAN;
WELLSPAN BEHAVIORAL HEALTH; PENN STATE UNIVERSITY;
KEYSTONE HUMAN SERVICES; YORK COUNTY JUDICIAL SYSTEM;
YORK COUNTY PUBLIC DEFENDERS' OFFICE;
YORK COUNTY DISTRICT ATTORNEY'S OFFICE;
YORK COUNTY PRISON; YORK CITY POLICE DEPARTMENT;
NORTHERN REGIONAL POLICE DEPARTMENT;
SPRINGETTSBURY TOWNSHIP POLICE DEPARTMENT;
WEST MANCHESTER POLICE DEPARTMENT;
NIXON, DISTRICT MAGISTRATE; MARTIN, DISTRICT MAGISTRATE JUDGE;
METRO BANK OF HARRISBURG; T-MOBILE COMMUNICATIONS;
MICHAEL HEIST; MARY JO KOHLER; JONATHAN KOHLER;
JEFFREY KOHLER; DAVID KOHLER; JUDY SHULTZ; YORK AND
ADAMS COUNTY RESCUE MISSIONS;
LAW OFFICES OF ILKINOFF AND SIVLERSTEIN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-10-cv-04748)
District Judge:  Honorable Stewart Dalzell
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2011

Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: July 21, 2011  )

_____

OPINION

_____

PER CURIAM

Joseph Clark Kohler, a pro se plaintiff proceeding in forma pauperis, appeals from the District Court's order effecting a sua sponte dismissal of his complaint.  We will affirm.

Kohler commenced the action in the Eastern District of Pennsylvania while incarcerated at the York County Prison, although he has since been released.[1]  He alleged that "over the past 13 years [he had] been set-up to lose credibility.  People have used their professional power and abused it by doing whatever they want with me.  . . . All because of my [mental  health] diagnosis."  Compl. 3, ECF No. 6.  Kohler disclaimed any physical injury, but emphasized the psychic and emotional toll caused by this alleged abuse.  Compl. 3.  He requested relief in the form of "release from prison . . . money compensation, plus investigations done."  Compl. 5.  Elsewhere, Kohler complained of discrimination by a counselor at the York County Prison, charged an unspecified "they"

---

[1] We are uncertain whether venue was proper in the Eastern District, given the York-County-centric nature of both the defendants and claims.  See 28 U.S.C. § 1391(b).  Whether venue was proper below does not affect the exercise of federal subject-matter jurisdiction.  See Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 316 (2006); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953); see also Khouzam v. Att'y Gen., 549 F.3d 235, 249 (3d Cir. 2008) (in immigration context, section 1252(b)(2) is a non-jurisdictional venue provision); United States v. Gallagher, 183 F.2d 342, 346 (3d Cir. 1950) (criminal venue provision, like other venue statutes, is waivable).

with "stall[ing his] legal fight," and accused the judge who oversaw his case of trying to "make [him] lose credibility, which is defamation of character." See "Notice of Intent," ECF No. 4.

The District Court warned Kohler that his complaint, in its current form, failed to state a claim for relief, and granted him leave to amend. See 12/17/2010 Order 7, ECF No. 5. In response, Kohler filed a handwritten "Amendment," in which he claimed to have "already written a 100-page-plus" complaint that he had submitted as part of his York County criminal case.[2] He expounded further upon the discrimination he felt he had suffered, alleging that "Dr. Super and Wendy Parg" lied in a hearing, that the judge in his criminal case called him a "crack head," and that guards at the prison yelled at him and said he had "no credibility." More significantly, he claimed to have been kept in a segregation cell in less-than-ideal conditions and was forcibly injected with medicine that left his "body . . . shaking the rest of the day and they left me in my cell to suffer." See generally Amendment, ECF No. 7.

Finding that Kohler's amendment did not state a claim, the District Court sua sponte dismissed the complaint. It observed that most of the actors he referenced by name in the bodies of his original complaint and its amendment were not, in fact, parties to the suit, and that his filings failed to provide notice as required by Federal Rule of

---

[2] The docket for the case number Kohler provides, CP-67-CR-0003429-2009, does not reveal any submission matching the one described. Our attempts to track down this document were for naught. As it is not before us – and as it was not before the District Court – it does not factor in our decision today.

Civil Procedure 8(a).  The District Court also discussed the vague and unspecific nature of his claims, and identified several defendants who could not, as per this Circuit's precedent, be proper parties to the suit.  Finally, it concluded that, having granted leave to amend once, further amendment would be futile.  See generally 1/28/2011 Order, ECF No. 8.

We have jurisdiction under 28 U.S.C. § 1291.  While the District Court did not specify in its order whether it was dismissing under Rule 8(a) or under 28 U.S.C. § 1915(e)(2) for failure to state a claim, the totality of the memorandum suggests an intent to rule pursuant to the latter[3]; accordingly, we conduct plenary review of the District Court's decision, accepting as true the allegations of fact established in the complaint along with reasonable inferences drawn therefrom.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  If no substantial question is presented by the instant appeal, we may summarily affirm on any ground supported by the record.  See Third Circuit LAR 27.4; I.O.P. 10.6; United States v. Rhines, ___ F.3d ___, slip op. at 3 (3d Cir. Apr. 4, 2011, No. 10-4077).

Title 42 U.S.C. § 1983, under which this complaint arises, creates a federal cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under color of state law.  See also Revell v. Port Auth. of N.Y. and N.J., 598 F.3d 128, 134 (3d Cir. 2010).  As it is well established that

___

[3] See, e.g., 1/28/2011 Order ¶¶ a (citing § 1915), o & n.4 (closing case and declining to grant leave to amend).

4

§ 1983 complaints "need only satisfy the notice pleading standard of Rule 8(a)," Thomas v. Independence Twp., 463 F.3d 285, 295 (3d Cir. 2006), it follows that such a complaint must, at the very least, put the defendants on notice of the character of the constitutional wrong alleged. However, a plaintiff must plead more than mere labels and conclusions, and a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1939 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009); see also W. Penn Allegheny Health Sys. v. UPMC, 627 F.3d 85, 98 (3d Cir. 2010) ("In determining whether a complaint is sufficient, courts should disregard the complaint's legal conclusions and determine whether the remaining factual allegations suggest that the plaintiff has a plausible – as opposed to merely conceivable – claim for relief.").

We agree with the District Court that the complaint failed to state a claim for relief. First, several of the wrongs alleged by Kohler are not constitutional in nature; for example, "defamation of character" is "actionable under 42 U.S.C. § 1983 only if it occurs in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution." Clark v. Falls, 890 F.2d 611, 619 (3d Cir. 1989) (citing Paul v. Davis, 424 U.S. 693, 701–12 (1976)); see also Sturm v. Clark, 835 F.2d 1009, 1012 (3d Cir. 1987) ("Absent the alteration or extinguishment of a more

5

tangible interest, injury to reputation is actionable only under state defamation law.").

The comments to which Kohler referred do not implicate an alteration of a more tangible

interest. Furthermore, without an underlying constitutional violation, Kohler cannot

make out an emotional distress case under § 1983. See Spence v. Bd. of Educ. of the

Christina Sch. Dist., 806 F.2d 1198, 1203 (3d Cir. 1986). When Kohler *does* describe a

possible facial violation of his constitutional rights, such as questionable prison

conditions or the alleged forcible administration of psychiatric drugs, he fails to connect

the named defendants[4] to those violations – or even to situate the violations concretely in

time. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a

civil rights action must have personal involvement in the alleged wrongs; liability cannot

be predicated solely on the operation of *respondeat superior*."). Other claims, such as

intimations that he was singled out for this discriminatory treatment, are too undeveloped

to be considered as more than the conclusory allegations disfavored by Iqbal.

Finally, to the extent that Kohler requested release from prison or attempted to

otherwise contest the validity of his conviction or sentence, his claim would have been

---

[4] On appeal, Kohler asks this Court to "drop" several of the defendants from the action. We appreciate his desire for parsimony, but the request serves to emphasize the overbroad nature of the original complaint. For instance, he requests the dismissal of defendant Judy Shultz, as his dispute with Ms. Shultz "was more landlord-tenant [related] than civil[-rights] related." He also apparently sued several of his family members whom he now wishes to dismiss "even though they violated [his] rights" – although he still "want[s] to question" several of them. We cannot see how his grievances against these varied and disparate defendants were part of the same transaction or occurrence, or series thereof. See Fed. R. Civ. P. 20(a)(2); see also DirecTV, Inc. v. Leto, 467 F.3d 842, 844 (3d Cir. 2006).

6

properly brought only as a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). Attempts to proceed under § 1983 would be otherwise barred by the "favorable termination rule" of Heck v. Humphrey, 512 U.S. 477 (1994), which requires "a § 1983 plaintiff [to] prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" in order to recover damages for allegedly unconstitutional conviction or imprisonment. Id. at 486–87. The favorable termination rule applies even to those prisoners who, like Kohler, may no longer be in custody. Williams, 453 F.3d at 177–78.

As a pro se plaintiff, Kohler is and was entitled to liberal construction of his complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Moreover, we are sensitive to the likelihood that Kohler's mental illness – which he declines to specifically disclose, but which is undoubtedly an issue in many of the events in his complaint – may impede his ability to craft a coherent pleading. But in a desire to effect justice by affording an uncounseled plaintiff leeway in pleading his case, a court must be mindful to work with what the complaint reasonably provides; it cannot stretch the obligation of lenience to its breaking point. Cf. Capogrosso v. Sup. Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) (per curiam) (inferences drawn in plaintiff's favor must be reasonable); Smith-Bey v. Hosp. Adm'r, 841 F.2d 751, 758 (7th Cir. 1988) ("Although a district court must

7

give such pleadings a liberal construction, this does not mean that the district court must invent factual scenarios that cannot be reasonably inferred from the pleadings.").

Having reviewed Kohler's complaint and its amendment, we agree with the District Court that it does not state a valid constitutional claim in its present form. Hence, as no substantial issue is presented by this appeal, we will summarily affirm the District Court's judgment. Kohler's motion for appointment of counsel is denied; his motion to dismiss individual parties is denied as unnecessary.